UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CYNTHIA J. PODORSEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-2 |
| ) | |
| COMMISSIONER OF ) | Honorable Phillip J. Green |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM OPINION AND ORDER**

This was a social security action brought under 42 U.S.C. §§ 405(g),1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On June 21, 2018, the Court entered a judgment vacating the Commissioner's decision and remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 28).

The matter is now before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 30). Defendant opposes the motion. (ECF No. 34). Plaintiff has replied. (ECF No. 35). For the reasons set forth herein, plaintiff's motion will be denied.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. S*ee* 28 U.S.C. § 2412(d)(2)(B).

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 34). Defendant has the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The government's position is

substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because she obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner*, No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' ") (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)).

Plaintiff asked the Court to overturn the Commissioner's decision on the following grounds:

> 1. The ALJ erred when he found that [p]laintiff's chronic headaches are a nonsevere impairment; more specifically, he erred when he found that [p]laintiff has no work-related limitations related to this impairment.
>
> 2. The ALJ's analysis of the medical opinion evidence of record, which patently describes greater mental limitations than the ALJ found, is contrary to Agency policy and Sixth Circuit precedent.

3. The ALJ's "credibility" finding is not supported by substantial evidence for the reasons set forth above, and because [he] failed to account for [p]laintiff's excellent work history as part of that finding.

(ECF No. 15, PageID.931).

This case turned on the first issue. The Commissioner "acknowledge[d] that the ALJ erred when he stated that no acceptable medical source had diagnosed [p]laintiff with a headache disorder, as [James Tucci, M.D.,] made that diagnosis on several occasions." (ECF No. 16, PageID.957). But a mere diagnosis "says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

The primary issue during oral argument was whether the conceded error was harmless. (ECF No. 29, PageID.1003-22, 1035-42, 1047-51). Dr. Tucci did not provide a medical source statement describing plaintiff's functional limitations stemming from plaintiff's headaches. (*Id.* at PageID.1009-10, 1020). The Court noted that "the record evidence relating to plaintiff's headaches [was] somewhat of a mixed bag." (*Id.* at PageID.1055). The Court found that, on this record, it was error not to find that the plaintiff's headaches were a medically determinable and severe impairment. (*Id.* at PageID.1056-57). Further, the Court noted that an error at step two of the sequential analysis can be harmless if there was an indication that the ALJ considered the impairment or the symptoms of the impairment in determining the plaintiff's RFC. (*Id.* at 1057) (citing *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) and *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007)).

The Court observed that ALJ's opinion was "somewhat ambiguous" in terms of whether he considered plaintiff's headaches in making his finding regarding plaintiff's RFC. Accordingly, the Court was unable to make a finding of harmless error:

> His statement on page 4 of the opinion, [PageID.38], says that he's given some consideration to the reported symptoms in evaluating her anxiety disorder and medication usage below. That may mean that he considered whether headaches warrant any sort of functional restriction, but I can't tell. I've read through the opinion a number of times. I don't see anything that gives me confidence that he considered that in terms of the residual functional capacity.
> * * *
> I cannot say that it's harmless error because I'm not satisfied that the ALJ considered those symptoms with respect to the RFC. He might have. There's no indication in the opinion that he did, at least not to my satisfaction. [The Commissioner's attorney] may be entirely right in her interpretation of the last sentence in that paragraph, but I need more than an ambiguous statement to satisfy me that the error is harmless.

(*Id.* at PageID.1058). On the record presented, the Commissioner was substantially justified in arguing that any error was harmless.

Although the Court found it unnecessary to decide the other issues that plaintiff raised, the Commissioner was substantially justified in defending the ALJ's decision on those issues. On the second issue, the ALJ gave what appeared to be good reasons for the weight given to Dr. Khullar's opinions, but he neglected to provide specific citations to evidence in the record supporting those reasons. (*Id.* at PageID.1058-60). The third issue, plaintiff's challenge to the ALJ's findings regarding her subjective complaints, was "by far [plaintiff's] weakest issue" given the deference courts give to such administrative findings. (*Id.* at PageID.1032). The Court did not "see any basis for reversing the ALJ's decision with respect to the

credibility issue." (*Id.* at PageID.1047).

The evidence did not strongly establish proof of disability or entitlement to DIB and SSI benefits. The Commissioner's decision to deny plaintiff's claims for benefits and to defend that denial in this Court had a reasonable basis in law and fact. *See DeLong*, 748 F.3d at 726-27.

Accordingly, the Court finds that that the Commissioner's position was substantially justified.

## **ORDER**

For the reasons set forth herein, plaintiff's motion for attorney's fees under the EAJA (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED**.


Dated:   February 26, 2019             /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge